CHAS. W. GILLEN, Respondent, v. HERRING–HALL–MARVIN COMPANY, Appellant.

**Kansas City Court of Appeals, May 18, 1896.**

1. **Appellate Practice**: QUESTIONS OF FACT. Where the instructions properly submit the issues to the jury, the appellate court can not interfere when there is evidence to base the verdict on.

2. ———: NEW TRIALS: NEWLY DISCOVERED EVIDENCE: DILIGENCE. Appellate courts hesitate to interfere with verdicts on account of newly discovered evidence where the witnesses from which said evidence is to come were on the stand at the trial.

*Appeal from the Jackson Circuit Court.*—HON. E. L. SCARRITT, Judge.

AFFIRMED.

*Charles F. Mussey, William C. Cochran,* and *F. V. Kander* for appellant.

(1) The court erred in not instructing the jury to return a verdict for defendant. (2) The court erred in giving improper, misleading, and conflicting instructions to the jury on the prayer of the plaintiff. (3) The newly discovered evidence was material.

*Harkless, O'Grady & Crysler* for respondent.

(1) The new evidence they offer was from witnesses already on the stand. *Shotwell v. McElhinney,* 101 Mo. 677; *State v. Catlin,* 118 Mo. 100.

ELLISON, J.—Plaintiff was injured while employed in the service of defendants, whereby he lost one of his eyes. He brought his action against defendants and recovered judgment in the trial court.

It appears that defendants were engaged in manufacturing, repairing, and selling safes, and that defendants also followed the business of opening burglar proof safes when they got in such condition that they could not be opened except by an expert. Plaintiff was engaged in defendants' service as an ordinary laborer and was without experience in opening safes, he not being an expert and not being the individual on whom defendant devolved that service, when it was required by their patrons. The expert who usually did such service was out of the city where defendants did business, when they were called upon to open a safe for a patron. Defendants' manager, finding the expert absent, and being called on to open a safe which was locked, directed the plaintiff to take with him certain tools and go to the place and work on the safe until the expert who did such work for defendant returned. The plaintiff did as directed and while in the prosecution of the work, by the use of a chisel (the same having been made by defendants), in endeavoring to get into the lock, having first knocked off the handle of the safe door, a small particle of steel flew off the chisel into plaintiff's eye, inflicting an injury which resulted in the loss of the eye, as above stated. The evidence tended to show that there was a defect in the chisel—a "water crack, or flaw," which caused the particle, or

"sliver" to fly off; and that this defect was such as not to be observable to plaintiff, he not being an expert in the use of such tools, and yet was such a defect as defendants ought to have discovered in making the tool. The evidence tended further to show that the chisel was not made of the best material, and that defendants made no examination of the tools placed in plaintiff's hands—that they were never tested by defendants.

The record in the case is voluminous, but the foregoing presents substantially the features of the case. We have given the record full examination and conclude that the whole question involved is one of fact, and that it has been determined against defendants, on evidence sufficient to uphold the verdict and to prevent us from interfering under the rules which limit the authority of appellate tribunals in passing on questions of fact. Authorities are cited by each party on questions relating to master and servant and their respective duties and responsibilities. As to these, there is no substantial difference between counsel. That the defendant was not an insurer of the safety of plaintiff while in their employ, is conceded. Whether plaintiff is guilty of any negligence contributing to his injury, is not involved, since contributory negligence was not pleaded, and it did not appear on the face of the case as made out by the testimony in his behalf. The duty which defendants, as master, owed to plaintiff, as servant, in the matter of providing safe tools for him to work with, and the duty owing to the servant to exercise care and diligence in ascertaining defects in the tools used, were all laid before the jury in proper instructions. All of the instructions offered by defendant were given, save a demurrer. Those given for plaintiff were unexceptionable. They are sustained by numerous cases here and elsewhere, which will be found collected in the briefs.

Defendant, however, filed a motion for new trial on the ground of newly discovered evidence. Both the witnesses relied upon gave testimony at the trial, and no sufficient excuse appears why they should not have been asked to disclose then what is proposed to be proved now. The trial court passed on the question and concluded that no sufficient showing was made. We would hesitate much before interfering on a matter, the tendency of which would be to allow a party to control the final disposition of his case by withholding an examination of a witness on matters which were of importance to the case, besides offering encouragement to neglect to ascertain all that a witness may know material to a cause.

As before intimated, the case rests altogether on the facts in dispute. These have been settled by the jury in a way that evidently impresses defendants that a wrong has been done them, but of this it is sufficient to repeat, that since there is evidence upon which to base the verdict, we will not interfere. Judgment affirmed. All concur.